**UNITED STATES of America, Plaintiff,**

**v.**

**Mariano VENTURA, Defendant.**

**Crim. No. 90–211 (JP).**

United States District Court, D. Puerto Rico.

Jan. 17, 1991.

---

**36**

José R. Gaztambide, Asst. U.S. Atty., Hato Rey, P.R., for plaintiff.

Rachel Brill, Asst. Federal Public Defender's Office, Old San Juan, P.R., for defendant.

## ORDER

PIERAS, District Judge.

The Court has before it the defendant's Sentencing Memoranda which contests the net weight of cocaine involved for sentencing purposes, and the government's response thereto. What follows is the Court's written record of its findings pursuant to Fed.R.Crim.Proc. 32(c)(3)(D). At issue is whether the cocaine hydrochloride and leather in this case should be considered a mixture or substance in and of itself, under 21 U.S.C. § 841(b).

Based upon the chemical expert testimony that was presented at the sentencing hearing and due consideration of the sentencing memoranda, the Court concludes that the chemical material involved in this case is cocaine adhered to leather rather than mixed with the leather. In effect the cocaine and leather are two separate substances and not a mixture, because the leather can be soaked in water to separate the cocaine. The leather acts as a container for the cocaine rather than becoming part of the substance, as leather impregnated by cocaine does. In this case the leather and cocaine are like water frozen in a garden hose. Only once the water has melted can it be ingested. The water cannot be ingested frozen inside a rigid garden hose. Similarly, once the cocaine is dissolved in water from the capillaries of the leather it loses its rigidity like a soft garden hose.

"How much mingling of the drug with something else is essential to form a 'mixture or substance'? The legislative history is silent, but ordinary usage is indicative." *United States v. Marshall,* 908 F.2d 1312, 1317 (7th Cir.1990). As cocaine hydrochloride cannot be ingested unless dissolved in water first, this common usage indicates that the cocaine in this case could not have been ingested with the leather in which it was contained. Therefore the relevant cocaine hydrochloride weight at issue in this case is 1.1 kilograms, rather than the 6.3 kilograms weight which included the weight of the leather.

IT IS SO ORDERED.